Joseph J. TIERNAN, Jr., in his capacity as Administrator of the Estate of James E. Tiernan

v.

WESTEXT TRANSPORT, INC., Supervised Investors Services, Inc., Raymond West.

Joseph J. TIERNAN, Jr., in his capacity as Administrator of the Estate of James E. Tiernan

v.

Patricia DUNN, in her capacity as Administratrix of the Estate of Richard J. Dunn.

Joseph J. TIERNAN, Jr., in his capacity as Administrator of the Estate of James E. Tiernan

v.

WESTEXT TRANSPORT, INC., Supervised Investors Services, Inc., Raymond West,

and

Patricia Dunn, in her capacity as Administratrix of the Estate of Richard J. Dunn (two cases).

Civ. A. Nos. 3449, 3471, 3578, 3604.

United States District Court
D. Rhode Island.

Feb. 6, 1969.

See also D.C., 46 F.R.D. 3; 295 F. Supp. 1253, 1256.

James M. Jerue, William C. Dorgan, Providence, R. I., for plaintiff.

Raymond A. LaFazia, Providence, R. I., for Westext Transport and Raymond West.

William A. Curran, Providence, R. I., for Supervised Investors.

Joseph A. Kelly, Providence, R. I., for Patricia Dunn, Admx.

## OPINION

PETTINE, District Judge.

This is a motion to consolidate all of the cases now before this court and arising out of the April 10, 1964 automobile accident in Plainville, Massachusetts in which all of the parties were involved. C.A. No. 3449 was commenced by the plaintiff Tiernan against the defendants West, Westext, and Supervised in February, 1965 in the United States District Court for the District of Rhode Island. C.A. No. 3471 was begun by the same plaintiff against the defendant Dunn about a month later in the same court. C.A. No. 3604 and C.A. No. 3578 were commenced by the plaintiff, Tiernan, in April, 1965, in the United States District Court for the Southern District of New York and the District of Massachusetts, respectively, against the defendants, West, Westext, Dunn, and Supervised. Pursuant to 28 U.S.C. §§ 1404(a) & 1406 the New York case was transferred to Massachusetts, both cases were then transferred here pursuant to § 1404(a). The defendant Supervised has moved for consolidation of all the cases pursuant to Fed.R.Civ.P. 42(a).

Rule 42(a) states in pertinent part

> When actions involving a common question of law or fact are pending before the court * * * it may order all the actions consolidated.

The cases are legion that consolidation is discretionary with the trial court and will not be reversed unless tinged with a prejudicial effect on the rights of one or some of the parties whose actions have been consolidated. In the instant case,

there appears to be little reason not to consolidate. Certainly, where, as here, there are totally identical facts and legal theories involved in the various actions, consolidation seems appropriate.

With respect to C.A. Nos. 3449 and 3471, therefore, the court deems consolidation appropriate. There is an option open to the court with respect to C.A. Nos. 3604 and 3578. Because these involve the same plaintiff, the same defendants, and the same theories of law, the court could simply deny consolidation in or not rule on these actions while at the same time allowing C.A. Nos. 3449 and 3471 to go to trial and reach judgment. At that time, the judgments so reached would, perhaps, require dismissal of C.A. Nos. 3604 and 3578. Such a course of action would render unnecessary a decision, unique within the informed knowledge of this court, as to the legal effect of consolidation of cases involving the identical plaintiff, defendants, and theories of recovery. However, such a course of action also seems insufficient for these reasons. First, it merely postpones to a later time a qualitative decision concerning the status of all of these actions. Second, it invites the losing party in the cases which will have been tried to seek to avoid the res judicata effect of those actions and to urge the trial of the remaining actions. Third, it violates the sound principle of multi-party litigation administration that all questions which may possibly lead to confusion, delay, and further litigation should be resolved prior to trial.

Hence, the court must resolve the unique question of what effect consolidation has on actions involving the same plaintiff suing the same defendants on the same theories. The situation is unique most likely because it could only arise in a case such as this when a plaintiff concerned about venue, process, personal jurisdiction, and choice of laws, institutes the same actions in several forums, all of which ultimately, by a process of § 1404(a) transfers, come to rest in one forum. When this happens, and consolidation is then sought and granted it remains to be considered whether a merger occurs from which springs a new action, or one or the other of the already instituted actions survives the consolidation and is chosen on a qualitative basis as the action to be tried. In the instant case several factors prompt the court to conclude that the latter effect ensues, and that the New York and Massachusetts actions should be subordinated to the Rhode Island action. First, Rhode Island's was the action commenced first in time. Second, Rhode Island is the forum state and the court is most familiar with Rhode Island law. Third, as the Massachusetts Federal Court likewise recognized, the Rhode Island actions have been most thoroughly prepared and Rhode Island is the most convenient forum. For all those reasons, the cases are ordered to be consolidated and C.A. Nos. 3449 and 3471 are deemed the cases to be tried.